## Reed v. Taylor Motor Sales Company et al.

(Decided June 23, 1933.)

CHILDERS & BOWLES for appellant.

WILLIS STATON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The Taylor Motor Sales Company, a corporation, existing under the laws of Kentucky, instituted an action in the Pike circuit court against Fred Runyon to recover $556 on certain notes executed and delivered by him and accepted by it. An execution was issued on the judgment rendered therein, directed to the sheriff of the county, which he levied on a certain interest in a tract of land as the property of Fred Runyon. The property levied on was sold by the sheriff in accordance with the execution, when it was bid for by Dow Reed and Geneva Reed. They executed a bond as principals, with surety, which was accepted by the sheriff and returned with the execution to the office from whence it issued. More than one year after the rendition of the judgment, Fred Runyon filed an action against the Taylor Motor Sales Company, J. M. Johnson, sheriff, Dow Reed, and Geneva Reed to enjoin the enforcement of the judgment against him and the collection of the sale bond. An answer was filed in the name of Dow and Geneva Reed, but subsequently withdrawn when they entered a motion, requesting the petition be taken as confessed. On final hearing, a judgment was entered dismissing the Runyon petition. Other steps were taken in the action of Runyon which are not necessary to be considered to dispose of this case. In January, 1930, Geneva Reed filed this action against the Taylor Motor Sales Company wherein she charged that she was at the time of the levy of the execution, issued on the judgment of the Taylor Motor Sales Company against Fred Runyon and at the time of the sale thereunder, the owner of the land levied on; "it being a part of the land of Albert Runyon, deceased and inherited by Fred Runyon." She further charged that she had not bid for it when sold by the sheriff, and that she did not sign the bond, but that "she owned this land before it was levied on and sold under the execution, and that she was the owner thereof at the time of the filing of the action."

The term of the sheriff who levied the execution, expired, and J. M. Moore was elected, and was acting as sheriff. She filed an amended petition in which she repeated the allegation that she did not sign, or authorize any one else to sign, the sale bond, and charged that it had been signed in type, but an execution was again placed in the hands of the sheriff and that he had levied it on her land, described in the original petition, and was threatening to sell it. She asserted that the land was her homestead of less value than $1,000. She further charged that she was not a party to the suit of Fred Runyon against the Taylor Motor Sales Company, and that the filing of the answer and other steps taken in her name were without her knowledge and consent and against her will. She sought in this amended pleading an injunction against the sheriff and the Taylor Motor Sales Company to prevent a sale of the land levied on under the execution issued on the sale bond. The Taylor Motor Sales Company traversed the petition as amended and further averred that Geneva Reed was a party to the action of Fred Runyon against the Taylor Motor Sales Company and had participated therein by filing an answer, withdrawing it and entering a motion to have Runyon's petition taken as confessed. It interposed the judgment in that action as res adjudicata. The record discloses that on the trial the parties offered evidence solely on the issues as to the sale bond, accepted by the sheriff and returned with the execution. The evidence discloses that the original bond had been misplaced, whether before or since the issuance of the execution was not made to appear. A typewritten copy was presented as a part of the evidence. It was identified by the sheriff who levied the execution and made the return thereon together with the bond as a correct copy of the bond executed by Dow and Geneva Reed and their surety. He testified that Dow and Geneva bid the property in when, it was sold, executed the bond reciting they were principles, signed it in his presence, and that it was accepted and returned by him with the execution. In its answer the Taylor Motor Sales Company denied Geneva Reed was the owner of the land levied on before it was sold under the execution. It also denied her allegations that she was not the principal on the sale bond and that she did not sign it as such. No evidence was offered to sustain the allegations of the petition as to these topics,

and it should be conceded that in the absence of evidence the allegations of the petition setting forth these facts when denied by the answer, on the submission of the case as to these issues, the court properly dismissed the petition. The testimony of Johnson, who was sheriff at the time the execution was levied, the land sold, and the bond signed, accepted and returned by him with the execution, to the effect that Geneva Reed and Dow Reed bid for the property, executed a bond therefor as principals, was not controverted by any evidence in behalf of Geneva Reed. The allegations of the answer of the Taylor Motor Sales Company setting out the filing of the answer by Geneva Reed in the Fred Runyon suit and her participation therein are shown by the record herein. Also it is shown by the uncontradicted testimony of Johnson that she and her husband bid for the land and as principals executed the bond which was accepted and returned by the sheriff. Having so executed the bond, she cannot by this action avoid her liability. The judgment in the Runyon Case is conclusive in the present one.

Geneva Reed argues that the original sale bond is lost and no steps to enforce it are permissible until it is supplied. The evidence shows it is misplaced, not actually lost or destroyed. However, if she deems her rights are prejudiced by its being mislaid, lost, or destroyed, by proper proceeding, she, being an interested party (sections 3991 and 3992, Ky. Statutes), may have it supplied, but she may not be exonerated of her liability thereon by the process of an injunction, when its execution is shown by uncontradicted evidence.

There is no reason for doubting the correctness of the judgment now appealed from. It being in harmony with our views, it is affirmed.